IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

M.S., FATHER OF R.S., C.S. AND J.S.,
CHILDREN,

      Appellant,

v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

      Appellee.

Case No. 5D16-3860

_____/

Opinion filed January 30, 2017

Appeal from the Circuit Court
for Volusia County,
Kathryn Weston, Judge.

Ryan Thomas Truskoski, Special
Assistant, and Jeffrey Deen, Appellate
Counsel, Office of the Criminal and Civil
Regional Counsel, for Appellant.

Ward L. Metzger, Appellate Counsel,
Department of Children and Families,
Jacksonville, for Appellee.

David Paul Krupski, Appellate Counsel,
Guardian ad Litem Program, Sanford, for
Guardian ad Litem.

PER CURIAM.

      The father, M.S., appeals an order adjudicating his teenage sons dependent. He contends that the trial court's order was not supported by competent, substantial evidence. We agree.

After observing that the evidence presented by the Department of Children and Families (DCF) was "less than overwhelming," the trial court nevertheless adjudicated the children dependent based on the father's recent arrests on drug-related charges.[1] Evidence that a parent has used illegal drugs, standing alone, is insufficient to support a finding of dependency. *See, e.g., S.S. v. Dep't of Child. & Fams.*, 81 So. 3d 618, 621-22 (Fla. 1st DCA 2012).  Here, DCF failed to present any evidence as to the circumstances surrounding the father's arrests or any evidence that the father's alleged drug-related actions harmed the children.[2]

REVERSED and REMANDED for entry of an order denying DCF's petition for dependency.

SAWAYA, TORPY and EVANDER, JJ., concur.

---

[1] There was no evidence that the father had been incarcerated as a result of his arrests.

[2] Section 39.01(30)(g), Florida Statutes (2016), provides that "harm" to a child's health or welfare can occur where a person exposes a child to a controlled substance or alcohol.  Exposure to a controlled substance or alcohol is established by:

> 2. Evidence of extensive, abusive, and chronic use of a controlled substance or alcohol by a parent when the child is demonstrably adversely affected by such usage.

§ 39.01(30)(g)2., Fla. Stat. (2016).